Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CONSEJO TITULARES DEL CONDOMINIO PLAYA AZUL 1<br><br>Apelante<br><br>v.<br><br>GEORGE TSENES<br><br>Apelado | KLAN202500470 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: LU2025CV00018 (301)<br><br>Sobre: Injuction Estatutario; Ley de Condominio |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de julio de 2025.

Comparece el Consejo de Titulares del Condominio Playa Azul I (en lo sucesivo, "el Consejo de Titulares" o "los Apelantes"), y solicitan la revocación de la Sentencia emitida el 12 de mayo de 2025, por el Tribunal de Primera Instancia, Sala de Fajardo, ("TPI" o "foro primario"), notificada el 13 de mayo de 2025. Mediante la referida *Sentencia*, el foro primario desestimó la Demanda sobre *Injunction* estatutario presentada por el Consejo de Titulares al amparo de la Ley de Condominios, Ley Núm. 129-2020, 31 LPRA sec. 1921 *et seq*, en contra del Sr. George Tsenes ("señor Tsenes" o "el Apelado"), y declaró *Ha Lugar* la *Moción de Desestimación* presentada por el Apelado al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V. R.10.2.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia* apelada.

Número Identificador

SEN(RES)2025_____

**I.**

El 4 de febrero de 2025, el Consejo de Titulares presentó Demanda sobre *Injunction* Estatutario al amparo de la Ley de Condominios, Ley Núm.129-2020, 31 LPRA sec. 1921 *et seq.* (Supl. 2025). ("*Ley de Condominios"* o "Ley Núm. 129-2020"), en contra del señor Tsenes, titular de los apartamentos 1708 y 1807 del Condominio Playa Azul I.[1] En esencia, el Consejo de Titulares invocó el Artículo 39 de la *Ley de Condominios, supra*, y **solicitó al foro primario que ordenara al Apelado remover el equipo de cámaras marca RING o similares, instalados en las puertas de sus apartamentos y/o paredes aledañas a estas.** En síntesis, el Consejo de Titulares alegó en la Demanda que el 4 de marzo de 2024, envió carta al señor Tsenes por correo electrónico en la que le exigió remover las cámaras marca RING instaladas por el Apelado en las puertas y pasillo del Condominio Playa Azul I. En esta le indicó que su acción era ilegal toda vez que altera el destino y uso de puertas y pasillo del condominio en violación a la Escritura Matriz y al Reglamento del Condominio. De igual forma arguyó que dicha acción violaba el derecho a la intimidad de los demás titulares.

En respuesta, el 21 de marzo de 2025, el señor Tsenes presentó *Moción de Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, a la que anejó dieciocho (18) documentos.[2] Allí alegó que la Demanda dejaba de exponer una reclamación que justificara la concesión de un remedio por lo que debía desestimarse. Sostuvo además el Apelado que toda vez que la causa promovida no había sido objeto de consideración por el Consejo de Titulares, la instalación del equipo no constituía una conducta prohibida, por tanto, la presentación de la Demanda no esboza una controversia

---

[1] *Véase* páginas 1-4 del *Apéndice* de la *Apelación*. Entrada Núm. 1 SUMAC del caso LU2025CV00018.

[2] *Véase* páginas 5-129 del Apéndice de la *Apelación*. Entrada Núm. 16 de SUMAC en el caso LU2025CV00018.

justiciable en esta etapa de los procedimientos, a esos fines es prematura.

El 25 de marzo de 2025, el foro primario celebró Vista de *Injunction*, conforme a lo dispuesto en el Artículo 39 de la *Ley de Condominios*, *supra*, en la que las partes argumentaron sus respectivas posturas y el señor Tsenes solicitó al TPI que impusiera al Consejo de Titulares el pago de costas, gastos y honorarios de abogado por temeridad al instar la reclamación en etapa prematura.

El 1 de abril de 2025, el Consejo de Titulares presentó *Oposición a Moción de Desestimación.*[3] Allí expuso que el asunto referente a la instalación de cámaras de seguridad por parte del Apelado no se había sometido ante el Consejo de Titulares y que precisamente por ello procedía que el foro primario ordenara al señor Tsenes a remover el equipo hasta que mediara una aprobación expresa del Consejo de Titulares sobre esos extremos. De igual forma, el Consejo de Titulares articuló que los pasillos son elementos comunes limitados que sirven de acceso a los apartamentos; que el fin de las puertas es comunicar el apartamento y brindarle acceso a los pasillos, elevadores o escaleras y al estacionamiento, y que conforme a lo dispuesto en la Ley de Condominios este uso solo puede ser variado mediante el consentimiento de dos terceras partes (2/3) de todos los titulares, lo que no ha ocurrido en este caso.

Mediante Sentencia emitida el 12 de mayo de 2025, notificada al día siguiente, el foro primario declaró *Ha Lugar* la *Moción de Desestimación* presentada por el Apelado; desestimó la *Demanda* por esta dejar de exponer una reclamación que justificara la concesión de un remedio e impuso al Consejo de Titulares el pago de las costas

---

[3] *Véase* páginas 132-143 del Apéndice de la *Apelación.* Entrada Núm. 29 de SUMAC.

y gastos del litigio a favor del señor Tsenes, mediante la presentación oportuna de Memorando de Costas.[4]

De las alegaciones presentadas por las partes en la *Demanda*, en la *Moción de Desestimación* y en la *Oposición a Moción de Desestimación,* así como de sus respectivos anejos, el foro primario determinó como hechos incontrovertidos los siguientes:

1. La parte demandante, el Consejo de Titulares del Condominio Playa Azul I es el organismo encargado de velar por el cumplimiento de las disposiciones del Reglamento del Condominio, según dispuesto en la Ley-129.

2. Dicho Régimen quedó constituido mediante la Escritura Estableciendo Régimen de Propiedad Horizontal para Edificio de Apartamentos, Escritura Pública Número 143 otorgada en San Juan, Puerto Rico el 14 de octubre de 1969, ante el Notario Público Antonio R. Barceló, Hijo.

3. La parte demandada, George Tsenes, es titular de los apartamentos 1708 y 1807 en el Condominio Playa Azul I.

4. El Sr. Tsenes advino titular del apartamento 1807 en virtud de la Escritura de Compraventa Núm. 12 otorgada el 15 de noviembre de 2021 ante el Notario Público Mireya Santos Soto. Posteriormente, advino titular del apartamento 1708 en virtud de Escritura de Compraventa Núm. 52 otorgada el 31 de julio de 2023 ante el Notario Público Luis R. Lugo Emanuelli.

5. El Sr. Tsenes instaló al menos dos cámaras de seguridad marca RING en las paredes adyacentes a las puertas de sus apartamentos.

6. El Consejo de Titulares no ha celebrado asamblea alguna para aprobar la instalación de cámaras de seguridad como parte de una iniciativa individual de titulares del Condominio, y fijarlas en las paredes comunales que ubican en el pasillo del condominio, adyacentes a las puertas de las entradas principales de sus apartamentos respectivos para dotarles de mayor seguridad.

7. El Consejo le ha solicitado en múltiples ocasiones al Sr. Tsenes remover las cámaras de seguridad (escolios omitidos).[5]

Conforme a las anteriores determinaciones de hechos incontrovertidos, concluyó el TPI que aún bajo la interpretación más liberal de las alegaciones de la Demanda, el Consejo de Titulares no expuso una reclamación que justifique la concesión de un remedio en esta etapa. Razonó el foro primario que la controversia promovida por el Consejo de Titulares incumple con las disposiciones de la Ley

---

[4] *Véase* páginas 145-153 del Apéndice de la *Apelación.*
[5] *Íd.*, pág. 146-147.

de Condominios, *supra,* toda vez que la instalación de los equipos a los que alude la Demanda no ha sido un asunto ni autorizado ni prohibido por el Consejo de Titulares mediante la correspondiente asamblea, por lo que **no** constituye una conducta prohibida que justifique la concesión de un remedio en esta etapa. Sobre estos extremos puntualizó el foro primario que con la *Oposición a Moción de Desestimación* quedó **incontrovertido que el asunto referente a la instalación del equipo por parte del Apelado no había sido sometido ante el Consejo de Titulares, por lo que la Demanda presentada por los Apelantes es prematura**.

Inconforme, el Consejo de Titulares comparece ante nos mediante el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

Erró el Tribunal de Primera Instancia al desestimar la demanda e interpretar que la conducta del demandado no viola el Artículo 4 de la Ley de Condominios de Puerto Rico.

Erró el Tribunal de Primera Instancia al aplicar incorrectamente el análisis de una Solicitud de Desestimación al amparo de la Regla 10.2 de Procedimiento Civil.

Por su parte, el señor Tsenes compareció ante nos mediante *Alegato en Oposición a Apelación.* En esencia, sostiene que no hay expectativa de intimidad total en un pasillo en un condominio sometido al régimen de propiedad horizontal, esto por tratarse de un elemento común general por el cual transitan todos los titulares y sus visitantes. Es por ello que, alega que no incidió el foro primario al desestimar la Demanda bajo los criterios aplicables de la Regla 10.2 de Procedimiento Civil, supra, toda vez que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. De igual forma el Apelado sostiene además, que la causa promovida no es justiciable por ser prematura pues la determinación sobre la instalación de las cámaras de seguridad no se ha llevado ante la consideración del Consejo de Titulares del Condominio Playa Azul.

**II.**

### A. Desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil

En nuestro esquema procesal, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la acción legal antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmob. Baleares et al. v. Benabe et al.* 214 DPR ___ (2024) 2024 TSPR 112, pág. 18-19 citando a *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio**;** y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2. (Énfasis nuestro).

En lo pertinente, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite la desestimación de una demanda bajo el fundamento de que no expone una reclamación que justifique la concesión de un remedio. En este contexto, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda que hayan sido aseverados de manera clara y concluyente y, a su vez, considerarlos de la forma más favorables a la parte demandante. *BPPR v. Cable Media,* 215 DPR___ (2025) 2025 TSPR 1, pág. 11.

No obstante, para que prevalezca una moción de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*, esta "debe establecer con toda certeza que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su

reclamación, aun interpretando la demanda de la forma más liberal posible a su favor". *Díaz Vázquez et al. v. colón Peña et al* 214 DPR___ (2025) 2024 TSPR 113, pág. 16. Tampoco procede la desestimación si el remedio no procede bajo ningún supuesto de derecho ni pueda ser enmendada para subsanar cualquier deficiencia. *Íd.*

Por otra parte, el tribunal debe examinar si "a la luz de la situación más favorable al demandante, y resolviendo toda duda a su favor, la demanda es suficiente para constituir una reclamación válida". *BPPR v. Cable Media., supra,* pág. 12.

### B. Ley de Condominio de Puerto Rico

La *Ley de Condominios de Puerto Rico*, Ley Núm. 129-2020, según enmendada, 31 LPRA sec. 1921 *et seq.* (Supl. 2025) ("*Ley de Condominios*"), "se aprobó con el propósito principal de establecer un régimen jurídico que facilite la vida en convivencia y propicie la disponibilidad de viviendas en un área restringida de terreno". *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* 2025 TSPR 56 (2025), 215 DPR ___, pág. 7 citando a *Exposición de Motivos* de la Ley Núm. 129-2020. En ese sentido, el Artículo 2 de la aludida *Ley de Condominios, supra,* 31 LPRA sec.1921*a* (Supl. 2025), dispone en lo pertinente:

> El titular de un apartamento sometido al Régimen de Propiedad Horizontal tiene el derecho al pleno disfrute de su apartamento y de las áreas comunes, **siempre que con ello no menoscabe el derecho de los demás titulares al disfrute de sus respectivas propiedades.**
>
> Cada titular reconoce que el ejercicio del dominio en el Régimen de Propiedad Horizontal **está limitado por los derechos de los demás titulares y que el derecho de propiedad sobre su apartamento tiene que ejercerse dentro del marco de la sana convivencia y el respeto al derecho ajeno.**
>
> En el ejercicio y el reclamo de sus derechos**, los titulares actuarán conforme a los principios de la buena fe, de la prohibición de ir en contra de sus propios actos y la del abuso del derecho** (Énfasis nuestro).

De otra parte, el Artículo 39 inciso (b) de la *Ley de Condominios, supra,* dispone que "[l]a Junta de Directores queda expresamente autorizada a presentar acciones interdictales a

nombre del Consejo de Titulares contra aquellos que cometan infracciones a las reglas establecidas en esta Ley. 31 LPRA sec. 1922*k* (Supl. 2025). Asimismo, el Artículo 39 inciso (a) de la Ley de Condominios, *supra*, establece expresamente lo siguiente:

> El uso y disfrute de cada apartamento estará sometido a las reglas siguientes:
>
> > a) En el ejercicio de los derechos propietarios al amparo de esta Ley regirán los principios generales del derecho, particularmente los enunciados en el Artículo 2 de esta Ley. *Id.*

En lo pertinente al uso de áreas comunes, el Artículo 44 de la *Ley de Condominios*, provee lo siguiente:

> **Cada titular podrá usar de los elementos comunes conforme a su destino, sin impedir o estorbar el legítimo derecho de los demás.**
>
> **El Consejo de Titulares por voto mayoritario, podrá aprobar la instalación de equipos en áreas comunes para beneficio y disfrute de todos, de varios titulares o de un titular**. Esta aprobación estará limitada a que la instalación no menoscabe el disfrute de otro apartamento, en cuyo caso se requerirá el consentimiento del titular afectado. Será requisito que los titulares interesados presenten al Consejo de Titulares una certificación de un perito que establezca que dicha instalación no altera la fachada sustancialmente ni afecta la seguridad o solidez del edificio............**Si la instalación de dicho equipo altera sustancialmente la fachada del edificio, o el uso de un área común, el titular interesado deberá obtener la previa aprobación de dos terceras partes (2/3) de los titulares, que a su vez, reúnan las dos terceras partes (2/3) de las participaciones en las áreas comunes** (Énfasis nuestro). 31 LPRA sec. 1922*p* (Supl. 2025)

Finalmente es preciso destacar que el Artículo 39, inciso (b)(5) de la de *Ley de Condominios*, *supra*, autoriza al Consejo e Titulares a "permitir por voto mayoritario, que subsistan o se instalen portones de rejas colocadas en áreas comunes por uno (1) o varios titulares, si ello obedece a dotar de mayor seguridad a sus respectivos apartamentos, siempre que con ello no se afecte el disfrute o la seguridad de otros apartamentos o se obstaculice el acceso a otras áreas comunes."

**III.**

Como cuestión de umbral, adoptamos las determinaciones de hechos incontrovertidas del foro primario. Destacamos, además, que

en el caso que nos ocupa, es un hecho esencial incontrovertido que la reclamación instada por los Apelantes no ha sido objeto de consideración por el Consejo de Titulares previo a la presentación del presente recurso.

Sobre el particular, reiteramos que al amparo de la Ley Núm. 129-2020, *supra,* se requiere la expresión y aprobación del Consejo de Titulares para determinar si la instalación de las cámaras por parte del Apelado constituye o no un cambio en la fachada; para autorizar el uso de un elemento común para beneficio de uno o más titulares; o para consentir a la instalación del equipo por ser necesario para proveer de seguridad al titular.[6] En ese sentido, es relevante que el Consejo de Titulares no ha tenido oportunidad de expresarse mediante asamblea debidamente convocada sobre estos extremos, por lo que no puede afirmar que la instalación del equipo por parte del Apelado constituye una actividad ilegal ni prohibida. Precisamente, en las alegaciones de la Demanda, el Consejo de Titulares expuso que las acciones del Apelado son contrarias a la Escritura Matriz y al Reglamento del Condominio, amparado en que carece de autorización del Consejo Titulares para la instalación del equipo. Es decir que de las propias alegaciones de la Demanda surge que no existe una prohibición expresa o autorización en la Escritura Matriz ni en el Reglamento del Condominio para la instalación de las cámaras en las puertas de los apartamentos ni en las paredes aledañas. El Consejo de Titulares no articula en las alegaciones de la Demanda la existencia de prohibición expresa para la instalación del equipo sino que su contención va dirigida a que el Apelado no había sometido ante el Consejo de Titulares el asunto en cuestión.

---

[6] *Véase* Artículos 39 y 44 de la *Ley de Condominios, supra.*

Es preciso destacar que, conforme a lo antes expuesto, la reclamación de los Apelantes, es prematura y la Demanda deja de exponer una reclamación que justifique la concesión de un remedio.

Con estos antecedentes, concluimos que no incidió el foro primario al desestimar la reclamación del Consejo de Titulares . Aún bajo la interpretación más liberal de las alegaciones de la Demanda, el Consejo de Titulares no expuso una reclamación que justifique la concesión de un remedio en esta etapa.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, **confirmamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones